**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Bilal A. Al-Haqq, ) | C/A No. 2:14-CV-3746-TMC-MGB |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Dr. William Akerman, SCDC Chief Dentist; ) | REPORT AND RECOMMENDATION |
| Dr. Colon, Head Dentist; Dr. Cooper, ) | OF THE MAGISTRATE JUDGE |
| Assistant Dentist; Carla R. Thomas-Davis, ) | |
| Dental Assistant, Individual and Official ) | |
| Capacity ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

The Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action under Title 42, United States Code, Section 1983. The Plaintiff is currently in the custody of the South Carolina Department of Corrections ("SCDC") and housed at Ridgeland Correctional Institution.[1] This matter is before the court on Defendant's Motion for Summary Judgment. (Dkt. No. 64.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The Plaintiff brought this action on or about September 23, 2014. (See Dkt. No. 1.) On October 31, 2014, Defendants Akerman and Thomas-Davis filed an Answer. (Dkt. No. 14.) On November 18, 2014, Defendant Colon filed her answer. (Dkt. No. 16.) The Plaintiff filed responses to each of the answers on November 21, 2014, and December 1, 2014. (Dkt. Nos. 21,

---

[1] The events alleged in the Complaint happened at Allendale Correctional Institute ("ACI"). (Dkt. No. 38.)

1

22.) Defendant Colon filed a Motion for Summary Judgment on Febrary 11, 2015. (Dkt. No. 32.) The following day, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 33.) On February 13, 2015, Defendants Akerman and Thomas-Davis filed a Motion for Summary Judgment. (Dkt. No. 35.) The following day, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 36.) The Plaintiff filed responses to the motions for summary judgment on March 16, 2015. (Dkt. Nos. 38, 39.) Defendants Akerman and Thomas-Davis filed a Reply on March 26, 2015. (Dkt. No. 40.)

## ALLEGED FACTS[2]

The Plaintiff alleges in his verified complaint that on May 21, 2012, he sent a request to Defendant Thomas-Davis requesting to have a tooth extracted. On June 18, 2012, Defendant Colon[3] removed his tooth and diagnosed him with "severe periodontal disease." Defendant Colon told the Plaintiff he would require medication and regular dental cleanings. The Plaintiff does not allege any further interactions with Defendant Colon. The Plaintiff alleges he never received any medications or dental cleanings. The Plaintiff requested treatment for his periodontal disease including medications and cleaning multiple times. The only response he received is that he was on the waiting list to have his teeth cleaned.

---

[2] All of the Alleged Facts are taken from pages 3-5 of the Complaint, Dkt. No. 1, unless otherwise indicated.

[3] Defendant Colon is a dentist licensed to practice in South Carolina. (Dkt. No. 32-2.) At all times relevant to the Complaint, Defendant Colon was employed by MidHealth America, Inc. providing dental care to inmates at ACI. (Id.)

On January 8, 2014, Defendant Cooper conducted a dental exam on the Plaintiff. Defendant Cooper told the Plaintiff he needed a cleaning, but on the instruction of Defendant Thomas-Davis, Defendant Cooper could only perform an examination at that time. Defendant Cooper informed the Plaintiff that there were over 300 inmates on the waiting list to have their teeth cleaned. Defendant Cooper suggested the Plaintiff clean his own teeth using a screw. Defendant Thomas-Davis told the Plaintiff he was only there to have an examination, not a cleaning.

Defendant Cooper found that the Plaintiff's teeth were within normal limits and had no decay. Dr. Cooper did not find any periodontal disease, but the Plaintiff asserts that he still suffers from the disease. Defendant Akerman[4] "agreed with Dr. Cooper and denied Plaintiff's Greivance." In the grievance, Defendant Akerman informed the Plaintiff he was on the waiting list to have his teeth cleaned and could request a soft diet if he was having trouble chewing. (Dkt. No. 1-1 at 2.)

## STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable

---

[4] Dr. Akerman is the Director of Dental Services for SCDC. (Dkt. No. 35-3.) He has never personally interacted with the Plaintiff. (Id.)

inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## ANALYSIS

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); see also Gomez v. Toledo, 446 U.S. 635, 540 (1983); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

The Plaintiff alleges the Defendants violated his Eighth Amendment right to be free from "cruel and unusual punishments." (Dkt. No. 1.); U.S. CONST. amend VIII. To bring a claim alleging prison doctors inflicted cruel and unusual punishment by inadequately attending to medical needs a plaintiff must "must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal citations omitted). "It is *only* such indifference that can violate the Eighth Amendment; allegations of inadvertent failure to provide adequate medical care…simply fail to establish the requisite culpable state of mind." Id. (internal citations and quotations omitted) (emphasis in orginal). "The test for deliberate indifference has two parts. First, whether the deprivation of medical care was sufficiently serious (objective component) and second, whether there existed a culpable state of

mind (subjective component)."[5] Harden v. Green, 27 F. App'x 173, 176 (4th Cir. 2001) (citing Wilson, 501 U.S. at 298).

1. Claim against Monica Colon, DMD

No genuine issue of material fact exists as to the Plaintiff's §1983 claim against Defendant Colon, and this court recommends the summary judgment be granted in favor of the Defendant. The Plaintiff in this case has failed to provide any evidence the Dr. Colon acted with "deliberate indifference" to a "serious medical need." The Plaintiff requested to have a tooth extracted on May 21, 2012, and Dr. Colon removed his tooth without incident on June 18, 2012. At that time she diagnosed him with periodontal disease. That is her only involvement in this case. Dr. Colon had no control over when the Plaintiff could be scheduled for dental care. (Dkt. No. 32-2.) Dr. Colon's actions do not show she deprived the Plaintiff of medical care. To the contrary, she provided the Plaintiff with the care he requested. The Plaintiff's allegation he endured pain for four weeks waiting on the extraction does not amount to deliberate indifference as there is no evidence Dr. Colon had any culpability for the delay. There was no deliberate indifference on Dr. Colon's part.

The Plaintiff's claim against Dr. Colon is barred by the Prison Litigation Reform Act ("PLRA") as well. 42 U.S.C. § 1997e(a). The PLRA requires that a prisoner exhaust the available administrative remedies before filing a § 1983 action concerning conditions of his confinement. In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions

---

[5] The Fourth Circuit recognized the test in Wilson applying to all §1983 Eighth Amendment claims in Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008).

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. Accordingly, before a plaintiff may proceed with his §1983 claims, he must first exhaust his administrative remedies available through the grievance process within the SCDC. In the case at bar, the Plaintiff has not even alleged he filed a grievance regarding the conduct of Dr. Colon. Attached to his Complaint, the Plaintiff provided many grievances concerning his dental care. (Dkt. No. 1-1.) None of the grievances concern Dr. Colon's brief interaction with the Plaintiff. Therefore, this court recommends that Defendant Colon's Motion for Summary Judgment be granted because there is no genuine issue of material fact in Plaintiff's §1983 claim against the Defendant and the Plaintiff has failed to comply with the requirements of the PLRA. For both reasons, the Defendant is entitled to summary judgment as a matter of law.

   2.  Claim Against Carla R. Thomas-Davis

     No genuine issue of material fact exists as to the Plaintiff's §1983 claim against Defendant Thomas-Davis, and this court recommends the summary judgment be granted in favor of the Defendant. There is no evidence in the record that tends to show Defendant Thomas-Davis acted with "deliberate indifference" to a "serious medical need." The Plaintiff alleges Defendant Thomas-Davis received his May 21, 2012 request to to have his tooth extracted. He then alleges he experienced pain for four weeks waiting for it to be extracted. There is no evidence the Plaintiff had any injury or other ill effect due to the four week waiting period. Whatever deprivation the Plaintiff withstood, it was not sufficiently severe to satisfy the objective component of Harden. Even if the Plaintiff could satisfy the objective component, the Plaintiff has failed to satisfy the subjective component of Harden because the record contains no evidence of Defendant Thomas-Davis's state of mind. Harden, 27 F. App'x at 176.

The Plaintiff's other allegations against Defendant Thomas-Davis are that she told Dr. Cooper that the Plaintiff was being seen for an examination, not a cleaning, on January 8, 2014, and then told the Plaintiff the same message. The Plaintiff appears to be alleging this denied him a cleaning he felt he required. The Plaintiff was on the waiting list for a cleaning. To the extent the Plaintiff is bringing his claim against Defendant Thomas-Davis alleging the delay in receiving a cleaning amounts to "cruel and unusual punishment" the Plaintiff's claim fails. A several month delay in receiving dental treatment does not rise to the level of deliberate indifference. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) cert. denied, 135 S. Ct. 946, 190 L. Ed. 2d 829 (2015) (holding that weighing the resources available for prison dental care and the security concerns related to providing care in prison were appropriate in determining if the defendants acted with deliberate indifference). The delay prisoners faced in Peralta was a waiting list that is normally "nine to twelve months long." Id. at 1081. Additionally, there is no evidence to satisfy the objective prong of Harden because the Plaintiff has not provided any evidence outside his own opinion that he has any dental problems. Even if he could satisfy the objective prong of Harden, there is no evidence Defendant Thomas-Davis acted with a culpable state of mind. Harden, 27 F. App'x at 176. Therefore as to Defendant Thomas-Davis, this court recommends her Motion for Summary Judgment be granted because there is no genuine issue of material fact in Plaintiff's §1983 claim against the Defendant, and the Defendant is entitled to summary judgment as a matter of law.

3. Claim against Dr. William Akerman

No genuine issue of material fact exists as to the Plaintiff's §1983 claim against Defendant Akerman, and this court recommends the summary judgment be granted in favor of the Defendant. The Plaintiff's only allegations against Defendant Akerman are he "agreed with Dr.

Cooper and denied Plaintiff's Greivance." (Dkt. No. 1 at 4.) This is not a sufficient allegation to state a claim. FED. R. CIV. P. 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss. Id. "The complaint must provide enough specificity to 'give the defendant fair notice of what the plaintiff's claim is.'" Pringle v. City of Charleston Police Dep't, No. C/A 2:06-cv-3295-PMD, 2007 WL 295629, at *5 (D.S.C. Jan. 29, 2007) (quoting Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, (1993) (internal quotation omitted)). The Plaintiff's brief mention of Defendant Akerman in his Complaint does not satisfy the requirements of Rule 8 and Iqbal. No claim is apparent from the Plaintiff's short statement that would give Defendant Akerman notice as to what the Plaintiff's claim against him is. To the extent the Plaintiff is trying to allege Defendant Akerman is liable as a supervisor, his claims fail as a matter of law. See Ashcroft, 556 U.S. at 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."). This Court recommends Defendant Akerman's Motion for Summary Judgment be granted because the Plaintiff has failed to state a claim, and the Defendant is entitled to judgment as a matter of law.

4.  State Law Claims

To the extent Plaintiff attempts to allege a state law claim in addition to his § 1983 claims against Defendants Colon, Thomas-Davis, and Akerman, such a state law claim could be heard by this Court only through the exercise of supplemental jurisdiction, which allows federal courts

to hear and decide state law claims along with federal law claims. Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) if "the district court has dismissed all claims over which it has original jurisdiction." To the extent Plaintiff bases his claim on state law, the Court recommends that the district judge decline to exercise supplemental jurisdiction in this case.

## CONCLUSION

In viewing the facts in a light most favorable to the Plaintiff, the court finds there is no genuine issue of material fact as to whether the Plaintiff "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and this court recommends that Defendants Colon, Thomas-Davis, and Akerman are entitled to summary judgment as a matter of law. Dowe, 145 F.3d at 658. Wherefore, it is RECOMMENDED that Monica Colon's Motion for Summary Judgment (Dkt. No. 32) and Defendant Akerman and Thomas-Davis' Motion for Summary Judgment (Dkt. No. 35) be GRANTED.[6]

IT IS SO RECOMMENDED.

July 20, 2015

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[6] If the District Court follows this court's recommendation, the only remaining defendant in this case will be Dr. Cooper. An executed summons was filed by the Plaintiff indicating Dr. Cooper was served on October 28, 2014. (Dkt. No. 23.) Dr. Cooper has never filed anything with the court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).