IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bilal A. Al-Haqq, | ) | |
| | ) | Civil Action No. 2:14-3746-TMC-MGB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Dr. William Akerman, SCDC Chief Dentist; | ) | |
| Dr. Colon, Head Dentist; Dr. Cooper, | ) | |
| Assistant Dentist; Carla R. Thomas-Davis, | ) | |
| Dental Assistant, Individual and Official | ) | |
| Capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Defendants Dr. William Akerman, Defendant Carla R. Thomas-Davis, and Defendant Dr. Colon have filed motions for summary judgment. (ECF No. 32, 35). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., these matters were referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant motions for summary judgment filed by Defendants Dr. Colon, Carla R. Thomas-Davis and Dr. William Akerman. (ECF No. 42). Plaintiff was advised of his right to file objections to the Report. (ECF No. 42 at 10). Plaintiff has filed objections. (ECF No. 64).

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the

1

Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id.*

Summary judgment is appropriate if, after reviewing the entire record, the court is satisfied that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of fact is "material" only if establishment of that fact might affect the outcome of the lawsuit under the governing substantive law. *Id.*

Plaintiff claims that these Defendants' actions have violated the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution. In order to establish that he has been subjected to cruel and unusual punishment, Plaintiff must prove "(1) that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and (2) that '*subjectively* the officials act[ed] with a sufficiently culpable state of mind.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *Id.* "To satisfy the subjective component, a prisoner must allege that prison officials acted with 'deliberate indifference' to his serious medical need." *King v. United States*, 536 F. App'x 358, 360 (4th Cir. 2013).

> To constitute deliberate indifference to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Deliberate indifference requires that a prison official "know[ ] of and disregard[ ] an excessive risk to inmate health or safety," that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." It is well-settled, however, that "mere negligence or malpractice does not violate the [E]ighth [A]mendment."

*Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Miltier v. Beorn,* 896 F.2d 848, 851, 852 (4th Cir. 1990)) (internal citations omitted).

Plaintiff's objections re-iterate arguments he made in his responses to the motion for summary judgment, and these arguments were addressed in the well-written and well-reasoned Report. Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to provide dental services. Defendant Dr. Colon and Defendants Carla R. Thomas-Davis and Dr. William Akerman filed motions for summary judgment. (ECF Nos. 32, 35).

As thoroughly discussed by the magistrate judge, Plaintiff has failed to exhaust administrative remedies or shown that Dr. Colon acted with deliberate indifference to a serious medical need. Plaintiff sent a request to have a tooth extracted on May 21, 2012, and that tooth was extracted on June 18, 2012, by Defendant Dr. Colon. Dr. Colon averred that she has no control over the teeth cleaning or dental treatment schedules.

Defendant Thomas-Davis is a dental assistant who assisted Dr. Colon with the June 18, 2012 tooth extraction, and who assisted Defendant Dr. Cooper with a dental examination on January 8, 2014. Plaintiff has failed to introduce evidence showing that Defendant Thomas-Davis acted with deliberate indifference as to the tooth extraction. Plaintiff's remaining argument is that Defendant Thomas-Davis was the reason that Dr. Cooper did not clean Plaintiff's teeth on January 8, 2014. Plaintiff has failed to introduce evidence that a cleaning was objectively necessary or that Thomas-Davis acted with deliberate indifference to Plaintiff's medical needs.

Defendant Dr. William Akerman is the Director of Dental Services for the South Carolina Department of Corrections. The complaint only states that: "Dr. William Akerman—SCDC Chief Dentist also agreed with Dr. Cooper and Denied Plaintiff's Grievance." (ECF No. 1 at 1).

3

The facts show that upon receiving Plaintiff's grievance complaint, Dr. Akerman arranged a dental examination for Plaintiff with Defendant Dr. Cooper. Dr. Akerman's denial of Plaintiff's grievance was based on the results of Dr. Cooper's oral examination, which found that Plaintiff's teeth were in the normal limits and that no emergency care was necessary. (ECF No. 35-3 at 2). As discussed by the magistrate judge, Plaintiff's complaint fails to state a claim against Dr. Akerman because it fails to provide Dr. Akerman with notice of what Plaintiff's claim is against Dr. Akerman. *See Pringle v. City of Charleston Police Dep't*, No. CIV. 2:06-3295-PMD, 2007 WL 295629, at *5 (D.S.C. Jan. 29, 2007) ("[T]he complaint must provide enough specificity to 'give the defendant fair notice of what the plaintiff's claim is.'" (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993))). Moreover, as discussed by the magistrate judge, "vicarious liability is inapplicable to . . . § 1983 suits . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Therefore, after a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 42) and incorporates it herein. The motions for summary judgment filed by Defendants Dr. Colon, Carla R. Thomas-Davis and Dr. William Akerman (ECF Nos. 32 and 35) are hereby **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

October 8, 2015
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.