**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Bilal A. Al-Haqq, | ) | C/A No. 2:14-CV-3746-TMC-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Dr. William Akerman, SCDC Chief Dentist; | ) | REPORT AND RECOMMENDATION |
| Dr. Colon, Head Dentist; Dr. Cooper, | ) | OF THE MAGISTRATE JUDGE |
| Assistant Dentist; Carla R. Thomas-Davis, | ) | |
| Dental Assistant, Individual and Official | ) | |
| Capacity | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

The Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action under Title 42, United States Code, Section 1983. The Plaintiff is currently in the custody of the South Carolina Department of Corrections ("SCDC") and housed at Turbeville Correctional Institute.[1] On October 8, 2015, the district court issued an Order granting summary judgment in favor of Dr. William Akerman, Dr. Colon, and Carla R. Thomas-Davis. (Dkt. No. 69.) The only remaining defendant in this action is Dr. Cooper. This matter is before the court on Defendant Charles H. Cooper's Motion for Summary Judgment. (Dkt. No. 85.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. For the reasons stated herein, the undersigned recommends that Defendant Charles H. Cooper's Motion for Summary Judgment (Dkt. No. 85) be granted.

---

[1] The events alleged in the Complaint happened at Allendale Correctional Institute ("ACI"). (Dkt. No. 38.)

1

The Plaintiff filed his Complaint on September 23, 2014. (Dkt. No. 1.) Defendant Cooper was served on October 28, 2014. (Dkt. No. 23.) On July 27, 2015, eight months later, the Plaintiff requested an entry of default that was entered by the Clerk of Court the same day. (Dkt. Nos. 44 & 45.) On August 4, 2014, the Plaintiff filed Plaintiff's Motion for Default Judgment. (Dkt. No. 47.) On the same day, Defendant Cooper's Motion to Set Aside Entry of Default was filed. (Dkt. No. 48.) On December 2, 2015, this court issued an Order setting aside Dr. Cooper's Default and finding Plaintiff's Motion for Default Judgment moot. (Dkt. No. 79.) On the same day, Dr. Cooper's Answer was filed. (Dkt. No. 81.)

On January 27, 2016, Defendant Charles H. Cooper's Motion for Summary Judgment (Dkt. No. 85) was filed. The following day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 87.) The Plaintiff responded to the Defendant's Motion on April 4, 2016. (Dkt. No. 92.)

On April 25, 2016, the Plaintiff filed a motion seeking his dental records from SCDC. (Dkt. No. 101.) This court construed the Plaintiff's motion as a request for a subpoena and granted the motion. Following the response to the subpoena, the court issued a text order allowing the parties to supplement filings related to Dr. Cooper's Motion for Summary Judgment. (Dkt. No. 114.) The Plaintiff filed a supplemental response on June, 3 2016. (Dkt. No. 117.) Dr. Cooper filed a supplemental filing on June 13, 2016. (Dkt. No. 118.)

## ALLEGED FACTS

Defendant Cooper was a dentist employed by Staff Care Inc. which provides contracted dental services to SCDC. (Dkt. No. 48-1.) Defendant Cooper only saw the Plaintiff on one occasion. On January 8, 2014, Defendant Cooper conducted a dental exam on the Plaintiff. (Dkt.

No. 1 at 3-5.) Defendant Cooper told the Plaintiff he needed a cleaning, but on the instruction of former Defendant Thomas-Davis, a dental assistant, Defendant Cooper could only perform an examination at that time. (*Id.*) Defendant Cooper informed the Plaintiff that there were over 300 inmates on the waiting list to have their teeth cleaned. The Plaintiff alleges that Dr. Cooper told the Plaintiff to clean his own teeth using "a screw." (*Id.* at 4.)

Defendant Cooper found that the Plaintiff's teeth were within normal limits and had no decay. (*Id.*; *see also* 117-1 at 1[2].) Dr. Cooper did not note periodontal disease, but the Plaintiff asserts that he still suffered from the disease after being diagnosed with it previously. Defendant Cooper's supervisor, Dr. Akerman,[3] "agreed with Dr. Cooper and denied Plaintiff's Grievance," which the Plaintiff had filed requesting dental care. (*Id.*) In the grievance response, Dr. Akerman informed the Plaintiff he was on the waiting list to have his teeth cleaned and could request a soft diet if he was having trouble chewing. (Dkt. No. 1-1 at 2.)

On March 16, 2016, the Plaintiff was seen by Dr. Goldman, an SCDC dentist, and was diagnosed as having periodontal disease. (Dkt. No. 117 at 4.) Dr. Goldman placed Plaintiff "on the top of the list" to be treated. (*Id.*) The Plaintiff alleges his condition deteriorated between Dr. Cooper's exam and Dr. Goldman's exam. (*Id.*)

## STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment

---

[2] Dkt. No. 117-1 is a copy of the Plaintiff's dental health records. Dr. Cooper's exam is noted as taking place on "1/8/2013." This appears to be a typographical error. The Plaintiff and Dr. Cooper allege the examination took place on January 8, 2014. (*See* Dkt. No. 1 at 4; Dkt. No. 48-1 at 3.)

[3] Dr. Akerman is the Director of Dental Services for SCDC. (Dkt. No. 35-3.) He was dismissed as a defendant in the instant case in the district court's Order granting summary judgment. (Dkt. No. 61.)

3

"shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## ANALYSIS

The Plaintiff alleges that Dr. Cooper violated his Eighth Amendment right to be free from cruel and unusual punishment. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a

4

§ 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," in the case of *Estelle v. Gamble*, 429 U.S. 97, 97 (1976). The court stated:

> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," *Gregg v. Georgia,* 428 U.S. 153, 182-83 (1976), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 103–105. (Footnotes omitted).

The test for deliberate indifference has two parts. A plaintiff "must prove (1) that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and (2) that '*subjectively* the officials act[ed] with a sufficiently culpable state of mind.' " *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler v. Waters,* 989 F.2d 1375, 1379 (4th Cir.1993)). To satisfy first part of the test, a plaintiff must show that the injury was objectively serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal citation omitted).

To satisfy the subjective component, a plaintiff must show that a defendant knew of and disregarded the risk posed by the serious medical need. *Farmer*, 511 U.S. at 837. Two components must be shown to satisfy a defendant had a culpable state of mind. First, actual knowledge of the risk of harm to the inmate is required. *Iko*, 535 F.3d at 241 (citing *Young v.*

*City of Mt. Ranier*, 238 F.3d 567, 575–76 (4th Cir.2001)) (emphasis in original); *see also Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir.2004) ("It is not enough that the officers should have recognized [a substantial risk of harm]."). Second, a defendant "must *also* have 'recognized that *his actions were insufficient*' to mitigate the risk of harm to the inmate arising from his medical needs." *Iko*, 535 F.3d at 241 (citing *Parrish*, 372 F.3d at 303) (emphasis in original).

"Negligence, medical malpractice, and disagreement with medical treatment" are not actionable under § 1983. *Gregory v. Prison Health Servs., Inc.*, 247 F. App'x 433, 435 (4th Cir. 2007) (citing *Estelle,* 429 U.S. at 106; *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir.1985)). Deliberate indifference to a serious medical need "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. The fact that a plaintiff's medical complaint remains after treatment does not show deliberate difference as the Constitution does not mandate a cure. *Hooks v. Delany*, No. 2:12-CV-305-MGL-BHH, 2013 WL 353275, at *7 (D.S.C. Jan. 7, 2013) *report and recommendation adopted*, No. 2:12-CV-0305-PMD, 2013 WL 353559 (D.S.C. Jan. 29, 2013) (citing *Armour v. Herman,* No. 1:05–CV–295–TLS, 2005 WL 2977761, at *3 (N.D.Ind. Nov.4, 2005) (holding "[t]he Eighth Amendment does not require medical success....").

No genuine issue of material fact exists as to whether Dr. Cooper was deliberately indifferent to Plaintiff's serious medical needs. The Plaintiff alleges that Dr. Cooper examined the Plaintiff on January 8, 2014, and found that the Plaintiff's teeth were within normal limits and did not have decay that required immediate medical attention. (Dkt. No. 1 at 4.) The Plaintiff alleges that Dr. Cooper was not allowed to clean or treat his teeth. (*Id.*) The Plaintiff alleges that Dr. Cooper did not review notes of his previous dental exams that stated he had periodontal

6

disease. (Dkt. No. 92 at 3.)  The Plaintiff alleges that Dr. Cooper has not proven he is a licensed dentist, and the Plaintiff had been told Dr. Cooper might be a veterinarian.[4] (*Id.* at 4.) The Plaintiff alleges that Dr. Cooper was sent by prison officials to examine the Plaintiff because the Plaintiff had filed a grievance regarding his teeth. (*Id.*; Dkt. No. 117 at 3.)  The Plaintiff alleges that Dr. Cooper's "bogus examination" and misdiagnosis of Plaintiff's periodontal disease resulted in the Plaintiff not being properly treated for over two (2) years. (Dkt. No. 117 at 4.)

The record does not contain evidence that Dr. Cooper deprived the Plaintiff of a serious medical need or that Dr. Cooper acted with a culpable state of mind in his examination of the Plaintiff.  Dr. Cooper only saw the Plaintiff one time and was limited to examining the Plaintiff. Assuming *arguendo* that the Plaintiff did have periodontal disease at the time of Dr. Cooper's examination, there is no evidence that it required any treatment beyond what was given.  Dr. Cooper confirmed to the Plaintiff that he was on the list to have his teeth cleaned and gave the Plaintiff instructions on dental hygiene. (Dkt. No. 1 at 3-5; Dkt. No. 48-1 at 3.) Dr. Cooper's examination was limited to a diagnostic exam and was not for the purpose of cleaning the Plaintiff's teeth. (*Id.*)  There is no evidence in the record that the Plaintiff required any immediate treatment that was not provided at the time of Dr. Cooper's examination.

No evidence exists in the record that Dr. Cooper acted with the culpable state of mind necessary to show deliberate indifference.  When viewing the Plaintiff's allegations in the light most favorable to him, Dr. Cooper was, at worst, merely negligent in misdiagnosing the Plaintiff. Negligence is not actionable in this case. *Gregory*, 247 F. App'x 433, 435.  There is no evidence Dr. Cooper was aware of any dental condition that required immediate treatment.  To the

---

[4] There is no evidence outside of the Plaintiff's allegation that Dr. Cooper is not a licensed dentist.  In his sworn declaration, Dr. Cooper avers that he is a licensed dentist in good standing in South Carolina and Illinois. (Dkt. No. 48-1.)

7

contrary, the Plaintiff contends Dr. Cooper did not review any of the Plaintiff's prior medical records. (Dkt. No. 92 at 3.) Dr. Cooper examined the Plaintiff, confirmed he was on the list to have his teeth cleaned and gave the Plaintiff direction on dental hygiene. No genuine issue of material fact exists as to the Plaintiff's § 1983 claims against Dr. Cooper, and this court recommends that Dr. Cooper's motion be granted.

To the extent the Plaintiff is attempting to bring claims under state law, Dr. Cooper is entitled to judgment as a matter of law. Where a plaintiff brings claims arising from alleged negligent medical treatment, the claims are for medical malpractice. *Millmine v. Harris*, No. 3:10-1595-CMC, 2011 WL 317643, at *1 (D.S.C. Jan. 31, 2011). "The burden of proof of negligence, proximate cause, and injury in a medical malpractice case is on the plaintiff throughout." *Dumont v. United States*, 80 F. Supp. 2d 576, 581 (D.S.C. 2000). A plaintiff must comply with the applicable substantive state law governing medical malpractice claims when proceeding in federal court. *Id.* South Carolina Code Section 15-79-125 requires, in part, that "[p]rior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file a Notice of Intent to File Suit and an affidavit of an expert witness." In South Carolina, a Plaintiff alleging a medical malpractice claim must prove the following at trial by a preponderance of the evidence:

> (a) the recognized and generally accepted standards, practices, and procedure in the community which would be exercised by competent physicians in the same specialty under the same circumstances;
>
> (b) that the physician or medical personnel negligently deviated from the generally accepted standards, practices, and procedures;
>
> (c) that such negligent deviation from the generally accepted standards, practices, and procedures was a proximate cause of the plaintiff's injury; and
>
> (d) that the plaintiff was injured.

*Argot v. Harden*, No. 4:11-CV-2755-MBS-TER, 2013 WL 625528, at *7 (D.S.C. Jan. 10, 2013), *report and recommendation adopted*, No. 4:11-CV-2755-RMG, 2013 WL 625489 (D.S.C. Feb. 20, 2013) (citation omitted). The Plaintiff must establish by expert testimony the standard of care and the alleged breach unless the standard and breach are common knowledge. *Id.* (citing *Martasin v. Hilton Head Health Sys. L.P.*, 364 S.C. 430, 613 S.E.2d 795, 799 (2005)).

The Plaintiff in the case at bar has not complied with S.C. Code § 15-79-125 nor is there any evidence in the record to establish the elements of a medical malpractice claim. The Plaintiff did not include "a Notice of Intent to File Suit and an affidavit of an expert witness" as required by S.C. Code § 15-79-125. The Plaintiff has not alleged or provided any expert opinion as to what the standard of care was, how Dr. Cooper breached the standard of care, or how Dr. Cooper was the proximate cause of any injury. The Plaintiff has not alleged sufficient facts to comply with South Carolina law to move forward with a medical malpractice claim. This court recommends the Defendant's Motion for Summary Judgment be granted as to any medical malpractice claim brought under state law.

## CONCLUSION

Wherefore, it is RECOMMENDED that Defendant Charles H. Cooper's Motion for Summary Judgment (Dkt. No. 85) be GRANTED.

IT IS SO RECOMMENDED.

July 8, 2016

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).